ROBERTS, Justice.
In its suit for a declaratory decree, plaintiff, an insurance agency, asked the equity court to construe an insurance agency contract theretofore entered into between it and defendant, as general agent of Bituminous Casualty Corporation, and to decree that plaintiff was .entitled to a commission on a renewal policy issued by defendant for Bituminous through another agent, one Brannen. It was alleged that plaintiff had been the procuring agent on the original policy and had been prevented, by the subterfuge of the defendant, from securing a renewal of the original coverage; that “the continued placing of the risk * * * with the Defendant was simply a continuation of the business which the Plaintiff had procured, and the Plaintiff is justly entitled to the commission which will be earned upon such amount of insurance.” Plaintiff claimed that, in these circumstances, it was entitled to retain the sum of $6,000 received by it as premiums due the defendant under the original policy, “up to the amount of the [renewal] commission in accordance with the terms of said contract if the business had been placed through the Plaintiff.” *116 .After various pleadings not necessary to relate here, the lower court entered a summary decree in favor of the defendant, and ■plaintiff has appealed.
The controlling question is whether there was a genuine issue of fact as to plaintiff’s right to the equitable relief prayed for. We do not think there was. The agency contract between the parties, which was non-exclusive, provided for the payment of ■commissions to the plaintiff “based upon -the net premiums * * * on the various lines of Insurance, secured by the said Agent [plaintiff] * * * ” The contract ■contained no special provisions respecting ■commissions on renewal polices. The rule as to such commissions is stated in Barr v. Sun Life Assurance Co. of Canada, 146 Fla. 55, 200 So. 240, 243, as follows:
“ * * * The agent has no vested rights in commissions on renewal premiums and * * * his right to be paid commissions on renewal premiums must be based entirely upon the terms of the contract”.
While the plaintiff would, of course, Tbe entitled to a commission on renewal policies “secured” by him, we cannot read into the agency contract an agreement to pay a commission on a renewal policy in any and all events and regardless of whether the agent was instrumental in obtaining the renewal.
We hold, then, that the plaintiff had no right under his contract to a commission on a renewal policy which he admittedly did not secure, and thus no right to withhold or impress a lien on the premiums justly due and owing to the defendant under the original policy. It was not, then, error to enter a summary decree in favor of defendant.
We express no opinion as to the rights, if any, that plaintiff may have to recover damages in a suit at law, since that question is not properly presented here. Cf. Ensign v. United Pacific Ins. Co., 107 Utah 557, 155 P.2d 965, and cases there cited, on this question.
The decree appealed from is affirmed.
DREW, C. J., TERRELL, J., and ALLEN, Associate Justice, concur.